MATTER OF R—R—

Application for Section 212(h) Waiver

A-13452189

*Decided by Officer in Charge October 23, 1963*

Section 212(h) waiver of inadmissibility under section 212(a)(19), Immigration
and Nationality Act, as amended, is granted to applicant who has evidenced
· complete reformation and rehabilitation since his misrepresentations in secur-
~ ing a border-crossing card in 1960; whose exclusion would result in serious,
hardship to his dependent citizen wife and child, and whose admission would
not be contrary to the welfare, safety or security of the United States.

·The applicant is a male, native and citizen of Mexico, born on
March 1, 1940. He was married in Chicago, Illinois on May 25, 1963
to a native-born citizen of the United States.

This is the first marriage for both the applicant and his spouse.
They are parents of one child who was born on September 20, 1962
in Chicago, Illinois. This child is living with the applicant's wife
in Chicago.

The applicant has been in the United States on one prior occasion
and was found by the Consular Officer to be eligible for a visa for
permanent residence in all respects except for excludability under
section 212(a)(19) of the Immigration and Nationality Act.

In testimony before an Officer of this Service on August 13, 1963,
in Mexico, D.F., Mexico, the applicant testified that he secured a non-
resident alien border crossing identification card by making false
statements concerning his intentions with regard to employment in
the United States. He testified that in connection with his application
for the card he stated he did not intend to work in the United States
in order to conceal his real intention of engaging in employment
at the first opportunity. He stated that he entered the United States
at Laredo, Texas on February 20, 1960 with a non-immigrant border
crossing card and went directly to Chicago, Illinois and obtained
employment.

The applicant testified that he had never committed any other act

or offense which might render him inadmissible to the United States or subject him to criminal prosecution.

The applicant testified that he first met his wife in 1960 and had gone steadily with her until their marriage on May 25, 1963. He stated that he had supported his wife and child since his marriage and would assume complete obligation for their support if he were granted a waiver of excludability.

The applicant stated that he was employed while in Chicago, Illinois for an athletic goods manufacturing concern earning $2.90 per hour and that he will be rehired by this firm if he is allowed to return to the United States as a permanent resident. He testified that he and his wife had no real property but that they had completely paid for household goods valued at $1200.00. He stated that he had left his wife sufficient funds to live on while he was out of the United States arranging for his legal entry.

Applicant's wife was interviewed by a Service officer on September 4, 1963 at Chicago, Illinois and corroborated his statements relative to their marital history. She stated that she was aware that her husband entered the United States illegally but that it made no difference to her and that it was her desire that he be allowed to join her in the United States as a permanent resident. She stated that the applicant had left her some money to live on while he was in Mexico but that it was now exhausted and she had been forced to move in with her sister. She testified that she could not accept employment because her child was so young and she had to remain home to care for him. She stated that if her husband was refused an immigrant visa it would create a serious economic hardship for her and her United States citizen child. She testified that to the best of her knowledge, the applicant has never committed any other act or offense which might render him inadmissible to the United States.

Records of other investigative agencies were checked regarding the applicant and his spouse with negative results. A neighborhood investigation conducted by an officer of this Service was favorable to the grant of a waiver of excludability.

The misrepresentation which presently bars the applicant from admission to the United States was committed in February 1960. He has a clear record since that date and there is evidence that his complete reformation and rehabilitation have been accomplished. There is no evidence to indicate that his admission to the United States would be contrary to the national welfare, safety or security. It has been satisfactorily established that his exclusion from the United States would result in serious hardship for his citizen wife and child.

**ORDER:** It is ordered that the application for waiver of excludability under section 212(a)(19) of the Immigration and Nationality Act, he and is hereby granted pursuant to the authority contained in section 212(h) of the Immigration and Nationality Act, *Provided,* That the waiver shall apply only to the grounds for exclusion described herein.